# EXHIBIT A

RECEIVED
Koch Companies
Law Department
Service of
Process
4/6/21

3/31/2021 12:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52011480
By: Joshua Hall
Filed: 3/31/2021 12:16 PM

## 2021-18974 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| **CHESAPEAKE ENERGY MARKETING, L.L.C.,** *Plaintiff*, | § § § § | **IN THE DISTRICT COURT OF** |
| vs. | § § | **HARRIS COUNTY, TEXAS** |
| **KOCH ENERGY SERVICES, LLC,** *Defendant*. | § § § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Chesapeake Energy Marketing, L.L.C., formerly Chesapeake Energy Marketing, Inc., ("CEML") files this Original Petition against Defendant Koch Energy Services, LLC ("Koch") and respectfully shows as follows:

### DISCOVERY CONTROL PLAN REQUIRED

1. This case should be governed by Discovery Control Plan Level 3.

### PARTIES

2. Plaintiff Chesapeake Energy Marketing, L.L.C. is an Oklahoma Limited Liability Company with its principal place of business in Oklahoma City, Oklahoma.

3. Defendant Koch Energy Services, LLC is a Delaware limited liability company with its principal place of business in Wichita, Kansas. Koch may be served through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court because Texas district courts are courts of general jurisdiction. *See* Tex. Const. Art. 5 § 8; Tex. Gov't Code § 24.007. This Court also has jurisdiction to grant declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code.

5. In this action, CEML seeks a judgment against Koch for declaratory and non-monetary relief, attorneys' fees, and costs. *See* Tex. R. Civ. P. 47. The relief sought is within the jurisdictional limits of this Court.

6. This Court has specific personal jurisdiction over Koch because: (a) Koch has conducted business in the State of Texas at all material times; (b) Koch has contracted with Texas residents and citizens, including contracting with CEML; (c) this action arises out of Koch's contract with CEML, a substantial part of which requires performance in Texas; and (d) Koch has sufficient minimum contacts with the State of Texas such that the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice. Further, the CEML-Koch Physical Transaction Confirmation identifies that the point of delivery for the physical gas transaction confirmation at issue is the South Texas Map Point, which is located in the Houston Ship Channel in Harris County, and that the pipeline is the Enterprise Texas Pipeline, which is located, in part, in Harris County. Further, on information and belief, Koch confirmed the agreements in question in Houston, Texas.

7. Venue is proper in Harris County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the events giving rise to the claim occurred in Harris County, Texas.

## FACTS

8. This action arises out of Koch's failure to comply with a valid agreement between CEML and Koch in connection with the February 2021 extreme cold weather event known as Winter Storm Uri.

**A.     The CEML-Koch Contract and February 2021 Physical Transaction Confirmations**

9.     CEML and Koch are parties to a NAESB Base Contract for Sale and Purchase of Natural Gas dated as of April 5, 2010 (the "Contract").

10.    On or about October 8, 2020, CEML and Koch agreed to multiple Physical Gas Transaction Confirmations that were entered into pursuant to the Contract and are subject to the Contract's terms and conditions. The CEML-Koch Physical Transaction Confirmation (Deal No. 95190, Trade No. 198206) provides that Koch will buy 20,000 MMBtu of natural gas on a firm basis each day from November 1, 2020, to April 1, 2021. It further provides gas was to be purchased at the South Texas Map Point and delivered via the Enterprise Texas Pipeline.

**B.     Winter Storm Uri and Force Majeure Notices Issued by CEML.**

11.    In mid-February 2021, a large area of the United States, including Texas and Oklahoma, suffered an extreme winter storm event. Due to the storm, natural gas suppliers experienced power outages, freeze offs, failure of or damage to wells and other equipment or facilities, and freezing of lines of pipe, all of which significantly reduced and shut-in gas production. Further, gas gathering, processing, and transportation facilities experienced power outages, freezing pipelines, failure of or damage to equipment or facilities, and other operational and mechanical issues, all of which significantly curtailed natural gas deliveries. As a result of these unprecedented events, the natural gas supply available to CEML failed and was significantly impaired.

12.    On February 16, CEML provided its first written Notice of Force Majeure Event to Koch pursuant to the Contract for the period beginning February 14. CEML provided additional information to Koch, and marketing and scheduling personnel from CEML and Koch communicated regarding the impact of the force majeure event.

13.     The disastrous effects of this winter storm were recognized by state and federal authorities with equal force. On February 12, 2021, Governor Greg Abbott Issued a statewide disaster declaration—covering all 254 counties in Texas—in response to the "severe winter weather [that] poses an imminent threat of widespread and severe property damage, injury, and loss of life due to prolonged freezing temperatures, heavy snow, and freezing rain statewide." Additionally, on February 14, 2021, President Biden declared an Emergency Declaration for Texas "to save lives and to protect property and public health and safety, and to lessen or avert the threat of catastrophe in all 254 Texas counties" from the period beginning on February 11, 2021.

14.     Conditions eventually improved, and CEML notified Koch on February 26, 2021, that the Force Majeure event, which it notified as beginning on February 14, 2021, ended effective February 23, 2021.

C.     **Koch's Subsequent Actions and Violations of the Contract**

15.     On March 12, 2021, Koch rejected CEML's notice of force majeure and demanded damages. CEML responded to Koch's March 12 correspondence. Despite efforts to resolve this dispute, Koch has maintained its position that it can reject CEML's notice of force majeure that was caused by Winter Storm Uri and withhold 6.32 million dollars that Koch is obligated to pay CEML. Koch's position is wrong, and it is liable to CEML.

16.     Section 11 of the Contract contains a "Force Majeure" clause which provides that "neither party shall be liable to the other for failure to perform a Firm obligation, to the extent such failure was caused by Force Majeure." The Contract defines Force Majeure to include "the loss or failure of Seller's gas supply" when such loss or failure is due to, among other things, "acts of God"; "storms"; and/or "weather related events affecting an entire geographic region, such as low temperatures which cause freezing or failure of wells or lines of pipe." Thus, the parties expressly

contemplated that an event such as Winter Storm Uri may form the basis for a force majeure event that would excuse performance under the Contract.

17. Any failure by CEML to deliver gas to Koch in February 2021, whether under the transaction at issue here or any other transaction, was caused by Force Majeure as defined by the Contract. Thus, not only is CEML not liable to Koch to the extent of such Force Majeure, Koch cannot recover cover damages or net its payment obligations to CEML by an amount it calculates as damages from the winter storm under this or any other transaction to which Force Majeure applies.

18. CEML has performed all conditions precedent to bringing this action or those conditions have been waived.

## CAUSE OF ACTION

### Count I – Declaratory Judgment

19. There is a present and existing good faith dispute between CEML and Koch concerning their rights and obligations under the Contract, including (1) whether the February 2021 winter storm and its impacts constitute Force Majeure under the Contract and excused any failure by CEML to perform and (2) whether CEML owes any damages to Koch under the Contract that would require CEML to pay Koch or permit Koch to net any required payment to CEML.

20. Accordingly, this is a claim for declaratory judgment by CEML under Sections 37.001, *et seq.*, of the Texas Civil Practice and Remedies Code for the purpose of determining rights and obligations under the Contract.

21. CEML seeks declarations that (1) the February 2021 winter storm and its impacts constitute Force Majeure under the Contract, (2) CEML's failure to deliver natural gas to Koch in February 2021, under the CEML-Koch Physical Transaction Confirmations identified above or

any other transaction, was excused by Force Majeure under the Contract; (3) CEML owes no damages to Koch under the Contract; and (4) Koch is obligated to pay all amounts it underpaid to CEML under the Contract – based on Koch's impermissible netting against the required payment – plus interest and attorneys' fees.

22. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, CEML is entitled to recover reasonable and necessary attorneys' fees as are equitable and just.

23. All conditions precedent to the assertion of this claim have occurred or they have been waived by Koch.

**PRAYER**

CEML respectfully requests that the Court: (a) determine, adjudicate, and declare the rights and obligations of the parties as set forth above; (b) award CEML costs, pre-judgment and post-judgment interest, and reasonable and necessary attorneys' fees as are equitable and just; and (c) grant CEML all other relief as the Court may deem proper and just.

Respectfully submitted,

JACKSON WALKER LLP

By:    /s/ *Amy Baird*
       Amy Baird
       Texas Bar No. 24044090
       abaird@jw.com
       Richard A. Howell
       Texas Bar No. 24056674
       rahowell@jw.com
       Joel R. Glover
       Texas Bar No. 24087593
       jglover@jw.com
       1401 McKinney Street, Suite 1900
       Houston, Texas 77010
       Telephone: (713) 752-4200

*Attorneys for Plaintiff*
*Chesapeake Energy Marketing, L.L.C.*